Filed 6/15/16  P. v. Hoiby CA2/6

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON HOIBY,<br><br>    Defendant and Appellant. | 2d Crim. No. B267533<br>(Super. Ct. No. 15PT-00419)<br>(San Luis Obispo County) |

Jason Hoiby appeals an order of the superior court committing him for treatment as a mentally disordered offender (MDO).  (Pen. Code, § 2962.)  We conclude, among other things, that substantial evidence supports the trial court's finding that Hoiby poses a substantial risk of physical harm to other persons because of his mental disorder.  We affirm.

### FACTS

In 2011, Hoiby was convicted of assault with a firearm and sentenced to a state prison term.

In 2015, the Board of Parole Hearings (BPH) determined that Hoiby met the criteria to be committed for treatment as a MDO.  Hoiby filed a superior court petition to challenge that BPH determination.  The trial court appointed counsel for him.  Hoiby waived his right to a jury trial.

At trial, Dia Gunnarsson, Ph.D., testified Hoiby has a delusional disorder which constitutes a "severe mental illness." Hoiby's 2011 commitment offense was for assault with a firearm. Neighbors had complained about loud music coming from Hoiby's house. When the police arrived, Hoiby "appeared with a firearm, waved it towards the police officer's head and threatened" the officer. From a window, Hoiby pointed a gun at an officer's head. He was four feet away from the officer. Hoiby called a police dispatch center and made threats against the police officers.

The police called for "required backup" and "air support." Gunnarsson said Hoiby's mental illness played "a role in his qualifying offense." Hoiby's behavior that day was "indicative of paranoia." He believed someone was following him, that the police were harassing him "because of a faulty alarm system," or because someone thought he was a bank robber. He did not believe the law enforcement officers who arrived were actually police officers.

Gunnarsson said Hoiby's disorder is not in remission. Hoiby is still "demonstrating delusional beliefs." He believed that "unseen entities" were "stabbing him" and that his medications "ruined his immune system." Gunnarsson said Hoiby meets all the requirements for a MDO commitment and poses "a substantial risk of physical harm to others by reason of his mental disorder." She said that Hoiby's commitment offense was "pretty violent, pretty dangerous" and that he lacks insight as to his mental illness. Hoiby's delusional beliefs and substance abuse are risk factors "when he does leave the hospital."

In Hoiby's defense, Trayci Dahl, Ph.D., testified Hoiby meets all the requirements for a MDO commitment, except one—he does not pose a substantial risk of physical harm to others because of his mental disorder. She said he had no history of violence prior to his commitment offense and he "did not cause any substantial bodily harm to anyone." His offense was "very threatening" but "threats won't harm me."

The trial court found Hoiby met all the "requisite criteria" for a MDO commitment. It ordered that he be committed to the California Department of State Hospitals for treatment as a MDO.

2

## DISCUSSION

### *Substantial Evidence*

Hoiby contends there is insufficient evidence to support the trial court's finding that he represents a substantial danger of physical harm to other persons. We disagree.

"We view the evidence in the light most favorable to the judgment drawing all reasonable inferences in support of the court's findings." (*People v. Itehua* (2014) 227 Cal.App.4th 356, 359.) "We do not decide the credibility of witnesses or weigh the evidence." (*Ibid.*) To commit a defendant for treatment as a MDO the People must prove that he or she poses a "substantial risk of physical harm" to another person. (*People v. Baker* (2012) 204 Cal.App.4th 1234, 1247.)

Gunnarsson testified that Hoiby poses a substantial risk of physical harm to others because of his mental condition. Her testimony constitutes substantial evidence to support the trial court's finding. She said Hoiby lacks insight about his mental illness. Hoiby has been resistant to taking the medications that he needs to control his symptoms. When Gunnarsson asked Hoiby about "continuation of treatment in the community upon discharge," Hoiby told her that "he did not believe he needed any mental health treatment." Hoiby also has a history of substance abuse but he does "not have any insight into his problems with substances." He was "unable to verbalize any relapse-prevention plan." Gunnarsson said alcohol and drugs "minimize the effectiveness of psychiatric medications" and "aggravate or exacerbate mental health symptoms."

Gunnarsson testified Hoiby's commitment offense was violent. Factors that played a role in that offense included Hoiby's "delusional beliefs" and substance abuse, and those "are still going to be risk factors when he does leave the hospital." He was not "[medication] compliant in March 2015." The trial court could reasonably infer Hoiby was suffering from the same symptoms he had when he committed his commitment offense.

Hoiby cites to evidence that he claims supports his position on appeal. But the issue is not whether some evidence supports appellant, it is only whether substantial

3

evidence supports the judgment. Here there was a conflict in the testimony of Gunnarsson and Dahl as to whether Hoiby posed a substantial risk of danger to others because of his mental condition. But the credibility of the expert witnesses and the weight given to their testimony are matters exclusively determined by the trier of fact. (*People v. Itehua*, *supra*, 227 Cal.App.4th at p. 359.)

The trial court could reasonably question the credibility of Dahl's conclusion about Hoiby's risk of danger to others given her testimony that she believed his offense of assault on a police officer with a firearm was a nonviolent crime. The characterization of that offense was not consistent with the facts. Moreover, much of Dahl's testimony supports the court's finding. She said that when she interviewed Hoiby he "was floridly psychotic" and "was talking about all sorts of delusional things." She conceded that he committed a "scary crime" and "he had not been compliant with his medications." She also said Hoiby "doesn't really appreciate the utility of medications." The evidence is sufficient.

We have reviewed Hoiby's remaining contentions and we conclude he has not shown error.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.



PERREN, J.

4

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____


Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.